UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LETHORN RAYE IRVING,

      Petitioner,

v.                                                    Case No. 1:03-CV-506

LINDA METRISH,                               HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objection to the report and recommendation dated June 26, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Also before the Court is Petitioner's motion to file supplemental pleadings pursuant to Fed. R. Civ. P. 15(d), in which Petitioner seeks to present new information to the Court relating to his equal protection claim in Ground VII. In his report and recommendation, the magistrate judge recommended that: (1) Grounds I and VII, relating to the grand jury, be rejected because the Michigan Court of Appeals concluded that Petitioner was not precluded from raising a constitutional challenge to the grand jury selection process and Petitioner in fact challenged the racial composition of the grand jury and, furthermore, because the apportionment of grand jurors among the three counties did not violate clearly established Supreme Court precedent; (2) Ground II, that Petitioner was denied his constitutional right to a speedy trial, should be rejected because Petitioner was not entitled to the benefit of Michigan's "180-day rule" under M.C.L. § 780.131 and because Petitioner failed to show that the factors articulated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972), compelled the conclusion that Petitioner's right to a speedy trial was violated; (3) Grounds III, VI, and IX, relating to prosecutorial misconduct, should be denied because Petitioner's first two

claims are procedurally defaulted and, with regard to the alleged conduct in Ground IX, Petitioner failed to show that the prosecutor was aware of the letter regarding William Sorrell, the letter was provided several years before Sorrell testified at Petitioner's trial, and the jurors were aware of the letter and could draw their own conclusions; (4) Ground IV, regarding other acts evidence, should be denied because it presented only an issue of state law and Petitioner was not denied a fundamentally fair trial; and (5) Grounds V and VIII, regarding failure to instruct on lesser included offenses and sufficiency of the evidence, should be denied because the prosecution presented overwhelming evidence to support the charged offense. Finally, the magistrate judge recommended that Petitioner's cumulative error argument be rejected because the Supreme Court has never held that distinct constitutional claims can be cumulated to grant habeas relief. In his objection, Petitioner takes issue with the magistrate judge's recommendations on Grounds II, VII, and, IX, as well as the cumulative error issue.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Initially, Petitioner asserts that the magistrate judge erroneously applied an "objectively unreasonable" standard in reviewing the state court's application of clearly established Supreme Court law. Petitioner contends that the Supreme Court never applied an "objectively unreasonable" standard in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000), and that imposition of such a standard imposes an impossible burden for a habeas petitioner to meet. Petitioner is wrong. In discussing the federal habeas court's inquiry about the reasonableness of the state court's application of Supreme Court precedent, the Supreme Court held that a federal habeas court should determine "whether the state court's application of clearly established federal law was *objectively unreasonable,*" rather than engaging in a subjective inquiry. *Williams*, 529 U.S. at 409-10, 120 S.

2

Ct. at 1521-22 (italics added).  *See also Clark v. Mitchell*, 425 F.3d 270, 280 (6th Cir. 2005) (discussing habeas court's standard of review).  Therefore, the magistrate judge applied the correct standard of review.

Petitioner contends that the magistrate judge's determination regarding Petitioner's Sixth Amendment speedy trial claim in Ground II was erroneous for several reasons.  He asserts that the magistrate judge incorrectly assigned responsibility for several months of delay to him, that he asserted his right to a speedy trial on three separate occasions, and that he suffered prejudice because the prosecution had an extended period of time to investigate and prepare its case and to coach its witnesses.  First, with regard to responsibility for the delay, Petitioner argues that the magistrate judge incorrectly determined that nineteen months of the thirty-nine month delay were attributable to Petitioner.  Petitioner asserts that the defense can only be held responsible for approximately eleven months of delay.  Petitioner apparently fails to recall, however, that he previously acknowledged responsibility for "about fifteen month[s]" of delay, (Pet'r Repl Br. at 7), in addition to the four-month period from November 1995 to February 1996, which he said was "arguably" attributable to the defense because Petitioner agreed to waive his right to a speedy trial for that time.  (Pet. at 21.)  These periods total approximately nineteen months of delay, and Petitioner has offered no basis for concluding that the magistrate judge or the Michigan Court of Appeals incorrectly determined the number of months of delay attributable to the defense.  Second, Petitioner notes that while it is true that eighteen months or more elapsed between his initial assertions of his right to a speedy trial in June 1995 and September 1995 and his motion to dismiss on February 13, 1997, he claims that rather than sitting on his rights, he was merely cooperating with the prosecution to resolve all of the problems that had occurred in the case.  Even so, the magistrate noted, and Petitioner does not dispute, that the timing of Petitioner's motion to dismiss for violation of his right

to a speedy trial - filed the day before his preliminary examination was to be held – raises questions about Petitioner's true motivation in asserting his right to a speedy trial. Finally, Petitioner contends that the magistrate judge should have concluded that prejudice resulted to the defense because the prosecution had an extended period of time to prepare its case and coach witnesses. Petitioner's argument fails because, apart from his own speculation, he cites no basis for concluding that the prosecution gained a tactical advantage due to the delay or that it attempted to influence testimony by coaching witnesses. Moreover, Petitioner does not take issue with the magistrate judge's finding that no defense witnesses were unavailable due to the delay or that the defense was impaired in any other way. Accordingly, the Court agrees with the magistrate judge that the Michigan Court of Appeals' determination that Petitioner's right to a speedy trial was not violated was not an unreasonable application of Supreme Court precedent.

Petitioner next argues that the magistrate judge incorrectly concluded that Petitioner is not entitled to habeas relief on Ground IX, which alleges prosecutorial misconduct based upon the prosecutor's failure to correct William Sorrell's false testimony. Petitioner continues to insist that the prosecutor was aware of the letter and knew that Sorrell received a deal for his testimony. He thus asserts that the prosecutor should have corrected Sorrell's testimony that he did not receive anything in exchange for his testimony. However, as the magistrate judge noted, there was no indication that the prosecutor, or even Sorrell, himself, knew about the letter, sent by the Tri-Counties Metro Narcotics Squad to the parole board three years earlier, or whether it had any effect on the parole board's decision to parole Sorrell. Moreover, the letter was introduced into evidence for the jury to consider, and defense counsel cross-examined Sorrell about the letter. Given that these facts were disclosed to the jury, the Court concurs with the magistrate judge that Petitioner is not entitled to relief on this ground.

Petitioner also contends that the magistrate judge erroneously concluded that the cumulative effect of errors in this case provides no basis for relief to Petitioner. The magistrate judge stated his belief that the cumulative effect of the alleged constitutional errors would not violate Petitioner's due process right and noted that, in any event, the Supreme Court has never held that distinct constitutional violations can be cumulated to grant habeas relief. Although Petitioner disagrees with the magistrate judge's conclusion, he cites no Supreme Court case supporting the application of the cumulative error doctrine in the habeas corpus context. *See Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) (stating that "the law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue"). Moreover, the Court agrees with the magistrate judge that the cumulative effect of any such errors would not amount to a due process violation in this case, even if the Supreme Court had recognized it as a separate ground for habeas relief.

Finally, although Petitioner does not object to the magistrate judge's conclusion on Petitioner's claim in Ground VII – that Petitioner was deprived of his rights under the Equal Protection Clause by exclusion of African-Americans from the grand jury – he seeks to present new statistical evidence on this issue. The magistrate judge concluded that Petitioner failed to demonstrate an equal protection violation because he challenged only the apportionment of grand jurors among the three participating counties and was not challenging how the grand jurors were selected. The magistrate judge found that there was no evidence that the Michigan Court of Appeals acted with a discriminatory motive in apportioning the grand jury seats and that the Supreme Court has never held that a roughly equal apportionment of seats in a multicounty grand jury, rather than apportionment based upon population, violates the Equal Protection Clause.

Following the issuance of the report and recommendation, Petitioner requested sixty days in which to file his objection. By Order dated July 11, 2006, the magistrate judge granted Petitioner until August 1, 2006, to file his objection. Petitioner's objection, filed on July 31, 2006, did not address Ground VII. Rather, on August 25, 2006, Petitioner filed a motion to supplement pursuant to Fed. R. Civ. P. 15(d), in which he sought to present new material regarding Ground VII.

Initially, the Court notes that Rule 15(d) provides no basis for the motion, because that rule only permits supplemental pleadings relating to "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Petitioner's motion does not pertain to transactions or occurrences since the date Petitioner filed his Petition. Rather, Petitioner's motion is an untimely supplemental objection, in which Petitioner seeks to interject an entirely new argument into his petition. In any event, even if Petitioner timely filed his supplemental objection, the Court would reject it because it presents an entirely new argument and new evidence which Petitioner did not present to the Michigan Court of Appeals. Petitioner's assertion that he exhausted his claim is wrong. In his motion, Petitioner seeks to present statistical evidence in order to challenge the method by which the grand jurors were chosen. This was not the basis for his argument to the Michigan Court of Appeals or to the magistrate judge. Moreover, Petitioner never gave the Michigan Court of Appeals an opportunity to consider his statistical evidence, which cannot be considered "new" evidence, because all of the information upon which it is based was available to Petitioner at the time of his appeal. Petitioner thus failed to exhaust this claim. *See Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (stating that the exhaustion requirement is not satisfied if the petitioner "presents new legal theories or factual claims in his federal habeas petition" and that "a petitioner fails to exhaust state remedies when he presents *material* additional evidentiary support to the federal court that was not presented to the state court"); *Demarest v. Price*, 130 F.3d 922, 932

(10th Cir. 1997) (although a petitioner may present "bits of evidence" to a federal court that were not first presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts").  Moreover, even assuming exhaustion, Petitioner's statistical evidence does not establish a prima facie case of racial discrimination in selection of the grand jury.  Contrary to what Petitioner appears to argue – that the Michigan Court of Appeals juror allocation had a "discriminatory impact" – an equal protection challenge concerns the process of selecting jurors, not the impact of exclusion upon a cognizable group.  *See United States v. Green*, 389 F. Supp. 2d 29, 51 (D. Mass. 2005).  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 26, 2006 (docket no. 40) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion To File Supplemental Pleadings (docket no. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

This case is **concluded**.


Dated: January 8, 2007                           /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE